1

2
Teresita Varela, WSBA No. 46603
3
teresita@tcvlegal.com
**VARELA LEGAL, PLLC**
4
713 West Yakima Avenue
Yakima, WA 98902
5
TELEPHONE: 509.339.7131
FACSIMILE: 509.866.5014
6

7
Attorneys for Defendant, Auto Max USA

8

9
**UNITED STATES BANKRUPTCY COURT**
10
**WESTERN DISTRICT OF WASHINGTON**

11

| In re:<br>DANIEL PEREZ,<br>Debtor. | CHAPTER 7<br><br>BANKRUPTCY NO. 17-44735<br><br>ADVERSARY NO. 18-04053 |
|---|---|
| DANIEL PEREZ,<br><br>                      Plaintiff,<br><br>vs.<br><br>AUTOMAX (a corporation doing business in Washington),<br>                      Defendant. | **ANSWER TO COMPLAINT FOR ORDER COMPELLING AUTOMAX TO EITHER TURN OVER TITLE OR PICK UP 2003 MITSUBISHI GALANT VIN # 4A3AA46G83E092993 AND FOR ATTORNEYS FEES AND COSTS** |

12

13

14

15

16

17

18

19
    Defendant, Auto Max USA ("Auto Max" or "Defendant"), by and through its
20
undersigned counsel, hereby responds to the Complaint for Order Compelling Automax
21
To Either Turn Over Title or Pick Up 2003 Mitsubishi Galant Vin #
22
4A3AA46G83E092993 and for Attorneys Fees and Costs (the "Complaint") filed by
23
Daniel Perez ("Plaintiff"), the chapter 7 Debtor ("Perez" or "Debtor"), and states as
24
follows:
25

# I. JURISDICTION AND VENUE

1.1. Auto Max admits the allegations in paragraph 1.1 of the Complaint.

1.2. Auto Max admits the allegations in paragraph 1.2 of the Complaint.

1.3. Auto Max admits the allegations in paragraph 1.3 of the Complaint.

1.4. Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 1.4 that "The undersigned attorney is satisfied that the proper grounds exist for filing this action" and, on that basis, denies the allegation in paragraph 1.4 of the Complaint.

# II. PARTIES

2.1 Auto Max admits the allegations in paragraph 2.1 of the Complaint.

2.2 Auto Max admits, in part, the allegations in paragraph 2.2 of the Complaint in that "Plaintiff may serve Automax by mailing copies of the Summons and Complaint by certified mail, return receipt requested, to Automax's regular place of business". Auto Max denies the remainder of the allegations in paragraph 2.2. Frank Tamez is not the registered owner of Auto Max USA; the owner of Auto Max USA is Penny Tamez. Penny Tamez is the sole proprietor of Auto Max USA. **Exhibit A**. Automax is not and has never been associated with Auto Max USA. Therefore, Plaintiff may not serve by mailing a copy of the Summons and Complaint by certified mail, return receipt to Automax at the following addresses: President/CEO, Automax, Damian Shriver, PO Box 821732 Vancouver, WA 98682-0000; And President/CEO, Automax, Damian Shriver, 12511 NE Fourth Plain Blvd. Vancouver, WA 98682.

# III. FACTS

3.1 Auto Max admits the allegations in paragraph 3.1 of the Complaint.

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

3.2 Auto Max admits the allegations in paragraph 3.2 of the Complaint.

3.3 Auto Max admits, in part, the allegations in paragraph 3.3 of the Complaint in that "Plaintiff's Statement of Intention (Form 108) indicated that he would surrender the 2003 Mitsubishi Galant". Auto Max denies the remainder of the allegations in paragraph 3.3. Auto Max denies that it has refused to pick up the 2003 Mitsubishi Galant. Debtor has failed to pay on the vehicle since 2010. **Exhibit B.** The value of the vehicle does not justify the cost of transport from the Seattle area to Yakima. Further, Auto Max has offered to turn over title, but will not turn over title to Debtor; Auto Max wants some assurance that the vehicle will be sold for the benefit of the bankruptcy and not the Debtor. Auto Max suggests that the Debtor have the vehicle towed to a junk yard or a purchaser and it will effectuate the title transfer to the purchaser.

3.4 Paragraph 3.4 is missing from the Complaint.

3.5 Auto Max denies the allegations in paragraph 3.4. Auto Max does not have to release the title to the Debtor to sell the vehicle. The Debtor can find a purchaser and Auto Max can effectuate a title transfer to the buyer. This procedure is done daily with trade-in vehicles when the consumer is purchasing a new vehicle.

3.6 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.6 that "The plaintiff has been incurring storage fees on the vehicle in the amount of $70.00 per month. (See Exhibit A-Receipts)" and, on that basis, denies the allegation in paragraph 3.6 of the Complaint.

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

3.7 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.7 that "On March 9, 2018, plaintiff's counsel called Automax in Yakima and spoke with a woman named 'Lisa'. Lisa told debtor's counsel that plaintiff had not paid on the vehicle since 2011. Debtor's counsel let Lisa know that the debtor had filed bankruptcy and either needed the creditor to come and pick up the vehicle or hand over the title" and, on that basis, denies the allegation in paragraph 3.7 of the Complaint. Further, Auto Max objects to all statements in paragraph 3.7 based on *The Rule Against Hearsay*. Fed. R. Evid. 802. The statements in paragraph 3.7 are barred from entry into this matter because they contain hearsay statements to which no exceptions apply. Fed. R. Evid. 802, et seq.

3.8 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.8 that "On April 4, 2018, plaintiff's counsel spoke with the agent of Automax named 'Lisa' to ask her if the creditor would come and pick up the vehicle, or in the alternative, if they would prefer to send the plaintiff the title, so he could dispose of the vehicle himself. The attorney disclosed to Automax, that the vehicle no longer was in running condition" and, on that basis, denies the allegation in paragraph 3.8 of the Complaint.

3.9 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.9 that "On April 12, 2018, plaintiff's counsel again called and spoke with 'Lisa' who stated that the owner had 'been out of town and has not decided what he wants to do yet.' Lisa asked plaintiff's counsel to present the options in an email to lindabalderas945@hotmail.com. (See Exhibit

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

B- Email to Automax dated April 12, 2018). Plaintiff's counsel prepared and sent the requested email to the foregoing address" and, on that basis, denies the allegation in paragraph 3.9 of the Complaint. Further, Auto Max objects to all statements in paragraph 3.9 based on *The Rule Against Hearsay*. Fed. R. Evid. 802. The statements in paragraph 3.9 are barred from entry into this matter because they contain hearsay statements to which no exceptions apply. Fed. R. Evid. 802, et seq.

3.10    Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.10 that "On July 10, 2018, plaintiff's counsel asked 'Lisa' whether Automax had decided to turn over the title. Counsel reminded Lisa that the vehicle was in storage accruing fees of $70.00 per month. It was during this same phone call plaintiff's counsel explained that Automax had two options only: either pick up the vehicle, or turn over the title. Absent either, counsel would have to file an adversary to compel some kind of action" and, on that basis, denies the allegation in paragraph 3.10 of the Complaint. Further, Auto Max objects to all statements in paragraph 3.10 based on *The Rule Against Hearsay*. Fed. R. Evid. 802. The statements in paragraph 3.10 are barred from entry into this matter because they contain hearsay statements to which no exceptions apply. Fed. R. Evid. 802, et seq. Additionally, Plaintiff's statements show her attempt to give legal advice to a non-attorney and an adverse party.

3.11    Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.11 that "On July 30, 2018, counsel called Automax and spoke with 'Lisa' to ask if she had followed up with the owner. She stated that the owner said that he received paperwork but was confused

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

because the paperwork was for a totally different vehicle. Counsel explained that an asset had been recovered and liquidated for the benefit of creditors. Automax had received a notice to file a proof of claim. Counsel advised 'Lisa' to have the owner call if he needed further explanation" and, on that basis, denies the allegation in paragraph 3.11 of the Complaint. Further, Auto Max objects to all statements in paragraph 3.11 based on *The Rule Against Hearsay*. Fed. R. Evid. 802. The statements in paragraph 3.11 are barred from entry into this matter because they contain hearsay statements to which no exceptions apply. Fed. R. Evid. 802, et seq.

3.12 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.12 that "On August 13, 2018, plaintiff's counsel called Automax and asked to speak directly to the owner. Plaintiff's counsel was told that the owner was 'not available.' Plaintiff's counsel asked to leave a voice mail requesting a return call" and, on that basis, denies the allegation in paragraph 3.12 of the Complaint. Further, Auto Max objects to all statements in paragraph 3.12 based on *The Rule Against Hearsay*. Fed. R. Evid. 802. The statements in paragraph 3.12 are barred from entry into this matter because they contain hearsay statements to which no exceptions apply. Fed. R. Evid. 802, et seq.

3.13 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.13 that "To date, the owner has not returned the call" and, on that basis, denies the allegation in paragraph 3.13 of the Complaint.

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.14 that "As a final resort," and, on that basis, denies the allegation in paragraph 3.14 of the Complaint. Auto Max admits that Plaintiff's counsel filed the instant adversary to compel it to either pick up the 2003 Mitsubishi Gallant or to turn over the title to allow the plaintiff to dispose of the property.

3.14   Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 3.14 that "Due to the inaction of the creditor, the plaintiff has been incurring storage fees on the vehicle" and, on that basis, denies the allegation in paragraph 3.14 of the Complaint.

## IV. 11 U.S.C. § 541 (a)(1) AND R.C.W. § 60.10.050

4.1 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 4.1 and, on that basis, denies the allegation in paragraph 4.1 of the Complaint.

4.2 Auto Max admits the allegations in paragraph 4.2 of the Complaint.

4.3 Auto Max denies the allegations in paragraph 4.3 of the Complaint. "State law determines the extent of any property interests a debtor may have, and federal law determines whether those rights are sufficient to constitute property of the estate or property exempt from the estate." *Turner v. DeKalb Bank (In re Turner)*, 209 B.R. 558 (N.D.Ala. 1997); *See also Southtrust Bank v. Thomas (In re Thomas)*, 833 F.2d 991, 995 (11th Cir. 1989). Washington State law specifically states that a lien debtor does not redeem interest in the property after default until such time as he tenders "fulfillment of all obligations to the holder that are secured by the collateral as well

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

as the expenses reasonably incurred by the lienholder in holding and preparing the collateral for disposition". R.C.W. § 60.10.050. Plaintiff defaulted on his obligation to Auto Max in 2011 at which point interest in the property reverted to Auto Max. To date, Plaintiff has failed to fulfill his obligations under the lien. Therefore, Auto Max is the sole interest holder in the 2003 Mitsubishi Galant. Further, the District Court in *Charles R. Hall Motors, Inc. v. Lewis, et. al.* determined that "(t)he right to redeem the property was not sufficient to propel the automobile into the property of the estate." *Turner v. DeKalb Bank (In re Turner)*, 209 B.R. 558 (N.D.Ala. 1997) (*citing Charles R. Hall Motors, Inc. v. Lewis, et. al.*, Case No. CV-94-B-1471-E (D.N.D.Ala. 1997) (*citing Southtrust Bank v. Thomas (In re Thomas)*, 833 F.2d 991, 995 (11th Cir. 1989)). Even thought Washington State law allows the Plaintiff to redeem the 2003 Mitsubishi Galant, the right to redemption does not automatically vest Plaintiff with full interest in the property and does not allow the Plaintiff to claim the property as part of the bankruptcy estate.

## V.  11 U.S.C. § 542 (a) AND 363 (b)

5.1 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 5.1 and, on that basis, denies the allegation in paragraph 5.1 of the Complaint.

5.2 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 5.2 and, on that basis, denies the allegation in paragraph 5.2 of the Complaint.

5.3 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 5.3 that "A creditor in possession of

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

property that the trustee may use ... under section 363 of this title" and, on that basis, denies the allegation in paragraph 5.3 of the Complaint. As discussed in paragraph 4.3 of this Answer, the estate has no interest in the 2003 Mitsubishi Galant. Section 363(a) of U.S. Code Chapter 11 specifically states that it pertains only to cash collateral "in which the estate and an entity other than the estate have an interest." Therefore, 11 U.S.C. § 542 (a) and 363 (b) do not apply to this case or this vehicle. Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 5.3 that "unless the property is of inconsequential value or benefit to the estate" and, on that basis, denies the allegation in paragraph 5.3 of the Complaint. Even if the Plaintiff had an interest in the 2003 Mitsubishi Galant, Auto Max is still not required to turn over the title to Plaintiff. Information has already been provided to the court that the vehicle does not run. However, no information has been provided showing that the vehicle is of consequential value or benefit to the estate. This is a 2003 Mitsubishi Galant that was sold to Plaintiff in 2009, which miles were reported as 124,429 at the time of sale. Other than relaying that the vehicle purportedly is not functional, no other information is presented to the court regarding its value or cost to repair and prepare for sale. Therefore, this vehicle is excepted from the requirement found in 11 U.S.C. § 542 (a) that "[a] creditor in possession of property that the trustee may use ... under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property." *Complaint for Order Compelling Automax to Either Turn Over Title or Pick Up 2003 Mitsubishi Galant Vin# 4A3AA46G83E092993 and for Attorneys Fees and Costs*, p. 7, § 5.3.

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

5.4 Auto Max lacks information or belief sufficient to form a belief as to the truth or meaning of Plaintiff's allegation in paragraph 5.3 that "Under 11 U.S.C. § 363(b)(1) the trustee may use property of the estate after notice and a hearing. 11 U.S.C. § 363(b)(l)" and, on that basis, denies the allegation in paragraph 5.3 of the Complaint. Plaintiff presupposes that the 2003 Mitsubishi Galant is property of the estate. 11 U.S.C. § 363(b)(1) only relates to "property of the estate." As discussed in paragraphs 4.3 and 5.3 of this Answer, the estate has no interest in the 2003 Mitsubishi Galant. Even if the estate has an interest in the vehicle, no proof has been proffered to show that the vehicle is of consequential value and, therefore, the sale is required or permissible.

5.5 And, 11 U.S.C. § 1303 gives a plaintiff the rights and powers of a trustee under section 363(b). 11 U.S.C. § 1303. Auto Max denies the allegation in paragraph 5.3 of the Complaint. The present adversary was commenced pursuant to a Chapter 7 bankruptcy proceeding. As such, Plaintiff cannot use Chapter 13 provisions to justify allegations in a Chapter 7 proceeding. *See* 11 U.S. Code § 103 (i). Specifically, "Chapter 13 of this title applies only in a case under such chapter." 11 U.S. Code § 103 (i).

## VI. AFFIRMATIVE DEFENSES

6.1 Auto Max alleges the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint.

6.2 Failure to State a Cause of Action: As a separate affirmative defense to the Complaint, and to each purported cause of action thereof, Auto Max submits that the Complaint, and each purported cause of action therein, fails to state a claim

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

against Auto Max and fails to state facts sufficient to constitute a cause of action against Auto Max pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law. Accordingly, the Complaint and the causes of action asserted therein should be dismissed.

6.3 Setoff/Recoupment: As a separate affirmative defense to the Complaint, and to each purported cause of action thereof, Auto Max submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of setoff and/or recoupment.

6.4 No Damage: As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Auto Max, without admitting that the Complaint states a claim, submits that Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any loss, damage, harm or detriment in any amount.

6.5 Waiver: As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Auto Max submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of waiver.

6.6 Estoppel: As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Auto Max submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of estoppel.

6.7 Reservation of Rights and Non-Waiver: Auto Max reserves the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery. Auto Max also reserves the right to amend or supplement this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

amendments or supplements to the Answer to relate back to the filing of the original Answer.

## VII.  PRAYER FOR RELIEF

7.1 The Court should deny Plaintiff's claims in their entirety and take nothing;

7.2 The Court should prohibit or condition the use or sale of the 2003 Mitsubishi Galant as is necessary to provide adequate protection of such interest pursuant to 11 U.S.C. § 363(e);

7.3 The Defendant be awarded a judgment against Plaintiff and recover the costs of suit herein, including Defendant's reasonable attorneys' fees as authorized under RCW 4.84.010 and U.S.C. Title 11;

7.4 The Court allow any such other relief that it may deem proper.

DATED: November 29, 2018           Varela Legal, PLLC


/s/ Teresita Varela
Teresita Varela, WSBA No. 46603
Attorney for Defendant, Auto Max USA

**Varela Legal, PLLC**
713 West Yakima Avenue
Yakima, WA 98902
Phone: (509) 339-7131 Fax: (509) 866-5014

## Declaration of Service

I certify that on the date set forth below I caused a true and correct copy of the following document(s) to be served as indicated, upon the following person(s):

- Answer to Complaint for Order Compelling Automax to Either Turn Over Title or Pick Up 2003 Mitsubishi Galant Vin # 4A3AA46G83E092993 And for Attorneys Fees and Costs

| | |
|---|---|
| Jada R. Wood | [ ] Via U.S. First Class Mail Postage Prepaid |
| Dorothy Bartholomew, PLLC | [ ] Via Attorneys Messenger Service (AMS) |
| 5310 12th Street East, Suite C | [X] Via Email jadaw@findbankruptcy.com |
| Fife, Washington 98424 | [ ] Via hand-delivery |
| Phone: (253) 922-2016 | |
| FAX: (253) 922-2053 | |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 29 day of November , 2018.

Yakima, Washington
*City, State where signed*

Teresita Varela, Declarant

Washington State Department of Revenue

**Services        Business Lookup        AUTO MAX USA**                                                                                    1/1

**License Information:**                                                                    New search      Back to results

|  |  |
|---|---|
| **Entity name:** | TAMEZ, PENNY |
| **Business name:** | AUTO MAX USA |
| **Entity type:** | Sole Proprietor |
| **UBI #:** | 600-525-163        Business ID: 001        Location ID: 0001 |
| **Location:** | Open |
| **Location address:** | 1701 S 1ST ST<br>YAKIMA WA 98901 USA |
| **Mailing address:** | 1701 S 1ST ST<br>YAKIMA WA 98901 USA |
| View Additional Locations |  |

**Excise tax account and reseller permit status:**        Open (View)

**Endorsements**

| Endorsements held at this location | License # | Count | Details | Status | Expiration date | First issuance dat |
|---|---|---|---|---|---|---|
| Minor Work Permit |  |  |  | Active | Sep-30-2019 | May-16-1997 |
| Motor Vehicle Dealer | 3550 | 22 | View Plates (#35 | Active | Sep-30-2019 | May-26-1992 |

2 Rows

**Governing People** *May include governing people not registered with Secretary of State*

| Governing people | Title |
|---|---|
| TAMEZ, PENNY |  |

**Registered Trade Names**

| Registered trade names | Status | First issued |
|---|---|---|
| AUTO MAX USA | Active | Sep-12-2016 |

The Business Lookup information is updated nightly.
Search date and time: 11/15/2018 8:33:43 AM

*Working together to fund Washington's future*

Exhibit A

Washington State Department of Revenue

| Services | Business Lookup | AUTO MAX USA |

## License Information:

New search      Back to results

| | |
|---|---|
| **Entity name:** | TAMEZ, PENNY |
| **Business name:** | AUTO MAX USA |
| **Entity type:** | Sole Proprietor |
| **UBI #:** | 600-525-163      Business ID: 001      Location ID: 0005 |
| **Location:** | Open |
| **Location and Mailing address:** | 1701 S 1ST ST<br>YAKIMA WA 98901-3703 USA |

View Additional Locations

**Excise tax account and reseller permit status:**    Open (View)

**Governing People** *May include governing people not registered with Secretary of State*

Governing people                                          Title

TAMEZ, PENNY

## Registered Trade Names

| Registered trade names | Status | First issued |
|---|---|---|
| AUTO MAX USA | Active | Sep-12-2016 |

The Business Lookup information is updated nightly.
Search date and time: 11/15/2018 8:34:20 AM

*Working together to fund Washington's future*

Exhibit A

```
xLAST   NAME: PEREZ                      x          ---------      %              x
xFIRST NAME: DANIEL                      xPKUP PAYMNT.:        0.00(+)(N)  /  /    x
x                                        xPKUP PAYMNT.:        0.00(+)(N)  /  /    x
xACCT/STKNO:        15483                x                                        x
xV.I.N ####: 4A3AA46G83E092993           xAMT FINANCED:    4,999.82(+)            x
x                                        x          ---------                     x
xLOCATION..: VALUE                       xTYPE & TERMS.     M  30 DTFP: 14   Z:360x
x                                        xANNUAL RATE.:      24.99 SOLD:06/04/2009x
xDEAL LINK#: 1804397315483SOLDRT         xFINANCE CHGS:   1,699.78                x
xSERVICE BY:                             x          ----------                    x
xAUTO TYPE.: 03 MITSUBIS GALANT          xSTD PAYMENTS:     223.32 NEXT:02/18/2011x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxBALLOON PYMT:       0.00 DUE.:   /  /    x
xSTATUS....:              DOM#1: 18   x          ----------                       x
xLOAN GRADE:              DOM#2:  0   xACCT BALANCE:   2,351.38                    x
xCRDT SCORE: 9                        xPAOF BALANCE:   2,183.77 WHEN:12/20/2011x
xSELL/CLOSE:                          x          ----------                       x
xSELL DISCN:                          xPRIN RECEIVE:   2,849.64 RISK:   3,135.31x
xSELL WRTOF:                          xINT  RECEIVE:   1,532.17 ACV.:   3,753.32x
xLATE AMT..:                          xPRIN BALANCE:   2,150.18 CASH:   1,450.00x
xLATE RATE.:                          xLATE BALANCE:      33.59 LAST:03/01/2011x
xLATE DAYS.:                          xLAST PYT REC:   1,115.00 WHEN:12/30/2010xA
xSUSPEND...:              ( )xMESG CENTER.:        2,302.52                    x

xx   FIND        EDIT        RECOVERY  | MORE       NOTES        EXIT         xx
```

Exhibit B

```
xx  FIND    DEAL-INFO  AUTO-INFO   RECAP   PRINT   UNWIND  A.S.R   SERVICE   EXiT  xx
xxxxxxxxxxxxxxxxxxxxxxxx                                                             x
xxFind / Open File      x                                                           x
xxEdit Master Profile   x                                                           x
xxAdd Missing Profile   x                                                           x
xxxxxxxxxxxxxxxxxxxxxxxx                                                             x
x                       xxxxxxxxxxxxxxxxxxxxxxxx                                     x
x                       x MASTER HISTORY FILES x                                    x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xSTKNO.....: 15483               xDATE SOLD: 06/04/2009                              x
xVIN.......: 4A3AA46G83E092993   xACCOUNTED: 06/04/2009                              x
xYEAR......: 03                  x                                                   x
xMAKE......: MITSUBISHI          xLOCATION.: 6999                                    x
xMODEL.....: GALANT              xFROM DEPT: CREATED BY RETAIL SALES                 x
xBODY......: ES SEDAN 4D         xALARM Y/N:                                         x
xCOLOR.....: WHITE               x                                                   x
xLIC PLATE.: 048ZEO              xTTL A.S.R:          0.00                           x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx                                               x
xLAST  NAME: PEREZ                                                                   x
xFIRST NAME: DANIEL              xPREV SERV:   /  /                                  x
xADDRESS...: 314 SOUTH 8TH AVE APT 9   xPREV MILE:   124,429                         x
xCITY......: YAKIMA              xNEXT SERV:   /  /                                   x
xSTATE/ZIP.: WA 98902            xLAST R/O#:          0                              x
xCELL/WK PH: (209)373-5848 (509)573-7063xREF #....: 1804397315483SOLDRT             x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
```

Exhibit B

```
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xSALES  PRICE1:    5,799.00 (+)xx   xCASH DOWN...:   1,450.00(+) %          x
xMISC   TAXED2:        0.00 (+)xx   xPKUP/REBATE.:       0.00(+)(N)  /  /    x
xMISC   TAXED3:        0.00 (+)xx   xPKUP/REBATE.:       0.00(+)(N)  /  /    x
xMISC   TAXED4:        0.00 (+)xx   x                                       x
xTOTAL  TAXED.:    5,799.00 (T)=x   xTOTAL CASH..:   1,450.00(+)xxx          x
x                                   xTOTAL TRADES:       0.00(+)xxx          x
xTOTAL  TRADES:        0.00 (T)     xTOTAL DOWN..:   1,450.00(T)=xx          x
xTOTAL  PAYOFF:        0.00 (T)     x                ----------             x
xTOTAL  TXABLE:    5,799.00 (T)     xAMT FINANCED:   4,999.82               x
x                                   x                ----------             x
xSALESTAX  #1:       477.76 (+)xx   8.20xTYPE & TERMS:     M  30 DTFP: 14  Z:360x
xSALESTAX  #2:        27.31 (+)xx   0.00xANNUAL   RATE:    24.99 SOLD:06/04/2009x
xTOTAL  TAXES.:      505.07 (T)=x   x                ----------             x
x                                   xSTD PAYMENTS:     223.32 DUE.:06/18/2009x
xTAB   FEES #1:       95.75 (+)xx   xBALLOON PYMT:       0.00 DUE.:  /  /    x
xTAB   FEES #2:        0.00 (+)xx   x                ----------             x
xMISC NOTAX#3:        50.00 (+)xx   xFINANCE   CHG:   1,699.78 WEO.:    0.00x
xGAP   POLICY4:        0.00 (+)xx   xTTL CONTRACT:    6,699.60 RISK: -2,399.07x
x                             x     x                         TIME:    10.74x
xMISC NOTAX#5:         0.00 (+)xx   N/AxBACK  GRS...:    50.00 %GRS:    41.18x
xSERVICE PLAN:         0.00 (+)xx   xFRONT GRS...:   1,545.68 ACV.:  3,753.32x
xTOTAL  NONTAX:      145.75 (T)=x   xRESVR GRS...:       0.00 MESG: Any Key  x
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xSTK:     15483  YR:03  MK:MITSUB   MD:GALANT    BD:ES SEDAN   CUST:PEREZ    x
```

Exhibit B